UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

YUAN ZHONG ZHAO,

       Defendant.

18-CR-211
DECISION AND ORDER

For twenty-eight years, Yuan Zhong Zhao ("Zhao") has lived in the United States after emigrating here from China. He and his wife became naturalized citizens in 2011. Today, he lives with his wife and children, and they own a Chinese restaurant.

Zhao has been indicted for lying on his 2011 naturalization form when he said that he had never given false information in applying for an immigration benefit. More specifically, the government contends that when Zhao first arrived here from China—as a young man who did not speak, read, or write English and who had no immigration documents—he gave an incorrect date of birth to immigration officials. For that reason, the government charged Zhao with a crime and now seeks to have him denaturalized.

Because the government has alleged conduct that, by letter of the law, violates 18 United States Code § 1425(a), Zhao's motion to dismiss is denied.

## **FACTS**[1]

On October 12, 1991, Zhao emigrated from China to the United States. According to the United States Immigration and Naturalization Service ("INS"), Zhao did not have any documents and was referred to "Immigration secondary for further questioning." Docket Item 25 at 1. Zhao did "not speak English," so INS "could only obtain" his name (incorrectly identified as "Yen-Zhon Zhao") and other limited pedigree information. *Id.* at 2. Most significant to this case, Zhao allegedly gave a false date of birth of December 7, 1974, indicating that he was seventeen years old and therefore eligible for bail. *Id.*

After exclusion proceedings were begun, Zhao eventually was released on a $500 bond.[2] When he failed to appear for a hearing on January 10, 1992, in Los Angeles, he was ordered excluded from the United States on May 6, 1992. *Id.* at 2.

Zhao claims that because he did not know about the exclusion order, he traveled to New York and eventually applied for asylum in 1993. In connection with that application, Zhao was fingerprinted and provided his actual date of birth of March 11, 1971. *Id.* His asylum application was granted in 1999. *Id.* at 2-3. In 2007, Zhao adjusted his asylum status to that of an alien admitted for permanent residence. *Id.* at 3. Four years later, he submitted a Form N-400 Application for Naturalization, and he was naturalized on September 16, 2011. *Id.*

---

[1] The facts are taken from the Report, Recommendation and Order issued by the magistrate judge on June 12, 2019.

[2] Zhao was represented by Eric Tarankow, Esq., but Zhao claims that he never met Mr. Tarankow or heard from him in any way before or after his November 1991 release from custody.

The indictment alleges that when Zhao was naturalized, he "knowingly procured and attempted to procure, contrary to law, naturalization for himself, in that the defendant, in his Form N-400 Application for Naturalization, responded, 'No' to the question 'Have you ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?'" in violation of 18 United States Code § 1425(a). *Id.* (internal citations omitted). Although not explicitly alleged in the indictment, the government contends in its papers opposing Zhao's motion to dismiss that Zhao's answer on his Form N-400 Application was untrue because he provided a false date of birth to INS officials when he first arrived in the United States in 1991. *See* Docket Item 19. The indictment also seeks to revoke Zhao's citizenship under 8 United States Code § 1451(e), which calls for automatic revocation of citizenship for anyone convicted under 18 United States Code § 1425(a).

## **PROCEDURAL BACKGROUND**

Zhao moved to dismiss, and on June 12, 2019, Magistrate Judge Jeremiah J. McCarthy[3] issued a Report, Recommendation and Order ("R, R & O"), recommending that Zhao's motion be denied. Docket Item 25. Zhao objected to the R, R & O (docket item 28), the government responded (docket item 30), and Zhao replied (docket item 31). On August 12, 2019, this Court heard oral argument and provided the parties with

---

[3] On November 27, 2018, this Court referred the case to Judge McCarthy for all pre-trial matters under 28 United States Code § 636(b)(a)(A) and (B). *See* Docket Item 15.

3

an opportunity to make additional submissions. On September 19, 2019, counsel advised that no further submissions would be made.

Because this Court agrees with Judge McCarthy's analysis, it accepts his recommendation and denies Zhao's motion to dismiss the indictment.

"The dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001). That is because "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). *See United States v. Coffey*, 361 F. Supp. 2d 102, 111 (E.D.N.Y. 2005) ("the validity of an indictment is tested by its allegations, not by whether the Government can prove its case"). Moreover, "summary judgment does not exist in federal criminal procedure," and "the sufficiency of the evidence is not appropriately addressed by" a pretrial motion to dismiss. *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018); *United States v. Parker*, 165 F.Supp.2d 431, 458 (W.D.N.Y. 2001). Indeed, only when the government offers "what can fairly be described as a *full* proffer of the evidence it intends to present at trial" can the sufficiency of the evidence be tested before trial. *Sampson*, 898 F.3d at 282 (emphasis added).

Here, the government offers only what it contends is a *limited* proffer of its facts. For that reason, there is no vehicle for the relief that Zhao seeks—no matter how compelling his personal story is. And for that reason, the Court accepts Judge McCarthy's recommendation to deny the defendant's motion.

At trial, the government will bear the burden—as in all criminal prosecutions—of proving Zhao's guilt beyond a reasonable doubt. Because "qualification for citizenship is a complete defense to a prosecution brought under § 1425(a)," *Maslenjak v. United States*, 137 S.Ct. 1918, 1930 (2017), the government will have to establish that Zhao's alleged misrepresentation in 2011 when he applied for citizenship "was sufficiently relevant to one or another naturalization criterion that it would have prompted reasonable officials, seeking only evidence concerning citizenship qualifications, to undertake further investigation." *See United States v. Nepal*, 894 F.3d 204, 210 (5th Cir. 2018). The government also will have to "establish that the investigation would predictably have disclosed some legal disqualification." *Id*.

This Court's role is not to offer an opinion as to the government's likelihood of carrying this substantial burden. The only question before the Court today is whether the indictment alleges conduct that—if proven—violates the letter of 18 United States Code § 1425(a). Because the answer to that narrow question is yes, the defendant's motion to dismiss is DENIED.

SO ORDERED.

Dated:     November 1, 2019
                Buffalo, New York

    *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE